**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4136**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WESLEY ADAM REEDY, a/k/a Wes Reedy,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:10-cr-00036-JPJ-PMS-2)

Submitted:  August 31, 2018                    Decided:  September 13, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Roanoke, Virginia, Brian J. Beck, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wesley Adam Reedy appeals following the revocation of his supervised release and the imposition of an 18-month revocation sentence, to be followed by an additional 3 years of supervised release. Reedy's arguments on appeal center around the district court's questioning of a minor witness who testified for the Government at the revocation hearing. Reedy asserts that the district court committed plain error, and violated due process, when it served as the functional equivalent of the prosecutor by asking leading questions that suggested Reedy's guilt. Reedy argues that the court's guilt determination on the lone disputed violation, which was a Grade A violation—the greatest of the four alleged violations—must be reversed because it was based on improperly presented witness testimony. We affirm.

Because supervised release revocation proceedings are "less formal" than criminal trials, the constitutional protections available in criminal trials are not coextensive with the rights associated with revocation proceedings. *United States v. Ward*, 770 F.3d 1090, 1097 (4th Cir. 2014). "Due process requires, *inter alia*, that a defendant charged with violating a condition of supervised release be afforded notice of the charges against him . . . sufficient to allow the releasee to prepare to defend against the charges." *United States v. Chatelain*, 360 F.3d 114, 121 (2d Cir. 2004) (internal citations omitted) (collecting cases). Specifically, the releasee is entitled to "written notice of the alleged violation," disclosure of the evidence against him, the opportunity to present and cross-examine witnesses, notice of the right to counsel, and "an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2); *see*

*Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (noting minimum due process requirements for probation revocation).

Reedy does not contend that he was denied any of the aforementioned due process protections. Reedy's argument instead focuses on the district court's questioning of the minor witness, which Reedy asserts was improper because the court's questions were coercive and led the witness to supply an essential element of the violation.

Because Reedy did not assert any objection below, constitutional or otherwise, to the district court's questioning of the minor witness, we review only for plain error. Reedy thus bears the burden of showing that "an error (1) was made, (2) is plain (*i.e.*, clear or obvious), and (3) affects substantial rights." *United States v. Lemon*, 777 F.3d 170, 172 (4th Cir. 2015) (internal quotation marks omitted); *see also United States v. Godwin*, 272 F.3d 659, 673 (4th Cir. 2001) (noting that burden lies with defendant to show error affected substantial rights). "An error is plain if the settled law of the Supreme Court or this circuit establishes that an error has occurred." *See United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) (internal quotation marks omitted). And an error affects substantial rights if it is prejudicial or structural. *United States v. Olano*, 507 U.S. 725, 735 (1993); *United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014). Even if Reedy makes these showings, the court "may exercise its discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Lemon*, 777 F.3d at 172-73 (internal quotation marks omitted).

Assuming that the district court erred in its questioning of the minor witness, we are satisfied that any such error is not plain. The district court, sitting as the trier of fact,

3

observed the witness's reticence to testify and intervened by asking clarifying (but albeit leading) questions to aid the witness through difficult testimony. In the trial context, where a defendant's procedural due process rights are more vigorously safeguarded, we have found it "entirely proper for the district judge to intervene with pertinent questions" when "there appears to be a necessity to draw more information from reluctant witnesses or experts who are inarticulate or less than candid." *United States v. Parodi*, 703 F.2d 768, 775 (4th Cir. 1983) (alteration and internal quotation marks omitted). Furthermore, Reedy does not point to a Supreme Court or Fourth Circuit decision that supports finding an error in these circumstances. *See Carthorne*, 726 F.3d at 516.

Having found no plain error in the district court's questioning of the minor witness, we affirm the revocation judgment. We deny counsel's pending motion to withdraw from representation and to appoint substitute counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
